**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30112 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00298-JLR-1 |
| v. | |
| DARRELL G. JONES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted March 4, 2013
Seattle, Washington

Before: FERNANDEZ, W. FLETCHER, and RAWLINSON, Circuit Judges.

Darrell Jones (Jones) appeals his conviction for being a felon in possession

of a firearm in violation of 18 U.S.C. § 922(g)(1). We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1. In its closing argument, the government advanced plausible interpretations of the evidence rather than misleading the jury or impugning the defense. *See United States v. Sullivan*, 522 F.3d 967, 982 (9th Cir. 2008) (explaining that no prosecutorial misconduct occurs when reasonable inferences are argued from the evidence). Neither did the government improperly vouch for Deputy Lee. *See United States v. Brooks*, 508 F.3d 1205, 1209 (9th Cir. 2007) (describing improper vouching as "plac[ing] the prestige of the government behind a witness" or indicating that evidence not before the jury bolsters the witness' testimony).

2. The district court properly determined that the no-contact violation evidence was admissible for the purpose of presenting the background facts leading to Jones' arrest. *See United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004) (describing the admission of evidence that is "inextricably intertwined" with the charged offense). Because the district court limited use of the no-contact violation and performed the balancing test under Federal Rule of Evidence 403, no abuse of discretion occurred. *See id.*

3. In the alternative, evidence of the no-contact violation was admissible under Rule 404(b) to establish Jones' motive for attempting to hide the gun when he saw the police. *See* FRE 404(b) (providing that proof of other acts may be admitted to prove motive).

4. The district court gave a limiting instruction to the jury that the crime could only be considered for motive, intent, or knowledge. *See United States v. Verduzco*, 373 F.3d 1022, 1027 (9th Cir. 2004). Because the evidence was admissible to prove Jones' motive, the district court's instruction was appropriate. *See id.*

   **AFFIRMED.**